

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-21-00273-CR**

**EX PARTE SCOTTIE H. GIBSON**

---

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. DC-F202000027**

---

## MEMORANDUM  OPINION

---

Scottie Gibson filed a pre-trial Application for Writ of Habeas Corpus in the trial court on June 29, 2021.  The trial court denied the application without a hearing on October 7, 2021, and Gibson has appealed pro-se from that denial.  We affirm.

### BACKGROUND FACTS

On February 10, 2020, Gibson was indicted on multiple counts for offenses including sexual assault of a child, indecency with a child, and assault family violence. Gibson has had four court-appointed attorneys withdraw from representing him while this proceeding has been pending and is currently represented by appointed counsel.

Gibson filed a pro se Application for Writ of Habeas Corpus in the trial court seeking his release from confinement.

ANALYSIS

In its order denying Gibson's Application for Writ of Habeas Corpus, the trial court stated that Gibson was claiming relief under Articles 7.08 and 7.09 and 17.151 of the Texas Code of Criminal Procedure. The trial court found that Gibson was not entitled to relief. On appeal, Gibson argues in his sole issue that the trial court erred in denying him relief under Articles 7.03, 7.08, and 7.09 of the Texas Code of Criminal Procedure.

Chapter Seven of the Code of Criminal Procedure outlines the procedures taken before a magistrate to prevent offenses. Article 7.01 provides that whenever a magistrate is informed that an offense is **about to be committed** the magistrate shall immediately issue a warrant for the arrest of the accused and the accused shall be brought before the magistrate. TEX. CODE CRIM. PROC ANN. art. 7.01 (West).

Article 7.03 of the Texas Code of Criminal Procedure provides:

> When the accused has been brought before the magistrate, he shall hear proof as to the accusation, and if he be satisfied that there is just reason to apprehend that the offense was intended to be committed, or that the threat was seriously made, he shall make an order that the accused enter into bond in such sum as he may in his discretion require, conditioned that he will not commit such offense, and that he will keep the peace toward the person threatened or about to be injured, and toward all others named in the bond for any period of time, not to exceed one year from the date of the bond. The magistrate shall admonish the accused that if the accused violates a condition of the bond, the court, in addition to ordering forfeiture of the bond, may punish the accused for contempt under Section 21.002(c), Government Code.

TEX. CODE CRIM. PROC ANN. art. 7.03 (West).

Articles 7.08 and 7.09 are relevant when a person brought before the magistrate under this chapter does not give a bond. Article 7.08 provides, "If the defendant fail to give bond, he shall be committed to jail for one year from the date of the first order requiring such bond." TEX. CODE CRIM. PROC ANN. art. 7.08 (West). Article 7.09 provides, "A defendant committed for failing to give bond shall be discharged by the officer having him in custody, upon giving the required bond, or at the expiration of the time for which he has been committed." TEX. CODE CRIM. PROC ANN. art. 7.09 (West).

Gibson was indicted on eleven counts for multiple offenses. Because Gibson has already been indicted, Articles 7.03, 7.08, and 7.09 are not applicable in this proceeding. We overrule Gibson's sole issue on appeal.

## CONCLUSION

We affirm the trial court's order denying Gibson's Application for Writ of Habeas Corpus.


STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Smith
Affirmed
Opinion delivered and filed February 16, 2022
Do not publish
[OT06]

